USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/7/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
Pedro Pacheco, C., et al.

      Plaintiff(s),

 -against-

Sage American Catering Inc.,
      Defendant(s). et al.

------------------------------------------------x

07 civ. 10652 (LAP)

INITIAL PRETRIAL
CONFERENCE NOTICE

  This action has been assigned to Judge Loretta A. Preska, for all purposes.

  A pretrial conference will be held in this case on February 27, 2008 at 9:00 a.m. in Courtroom 12A at the U.S. Courthouse, 500 Pearl Street, New York, New York 10007. You are required to appear at this conference, through counsel. If the time and date specified are impossible for you, requests for adjournments must be made <u>in writing</u> and, except in an emergency, <u>received in Chambers not later than one week before the scheduled time</u>. Alternative dates which are mutually agreeable to all parties must be suggested when requesting schedule changes.

  The parties shall confer as and to the extent required by Fed. R. Civ. P. 26.

  <u>Immediately upon receipt of this Notice, you must send a letter to Defendant(s) and/or Counsel for Defendant(s) informing them of the conference date and enclosing a copy of this Notice, together with the attached individual Rules of Judge Preska. You must send a copy of your letter to the undersigned on the same day as you send it to your adversary</u>.

  <u>If service has not been effected on all defendants or if a motion to dismiss is anticipated, the relevant party should inform chambers in detail by letter (with a copy to all parties) no later than one week before the scheduled conference date.</u>

  You should consult the enclosed Individual Rules of Judge Preska with respect to communications with chambers and related matters.

SO ORDERED:

February 6, 2008

               _Loretta A. Preska_
               LORETTA A. PRESKA, U.S.D.J.

4/06

# INDIVIDUAL PRACTICES OF JUDGE LORETTA A. PRESKA
## UNITED STATES COURTHOUSE
500 Pearl Street, Room 1320
New York, NY 10007
www.nysd.uscourts.gov

Unless otherwise ordered, matters before Judge Preska shall be conducted in accordance with the following practices:

1. **Communications with Chambers**

    A. **Letters** Except as otherwise noted below, communications with chambers shall be by letter, with copies simultaneously delivered to all counsel. Copies of correspondence between counsel shall not be sent to the Court.

    B. **Telephone Calls** In addition to paragraph 1D below, telephone calls to chambers are permitted. For matters other than docketing or scheduling, call chambers at 212-805-0240.

    C. **Faxes** Faxes to chambers are permitted only if copies are also simultaneously faxed or delivered to all counsel. No document longer than three pages may be faxed without prior authorization. **IF FAXING, DO NOT SEND PAPER COPY BY HAND OR MAIL** – the fax copy is sufficient. **The fax number is 212-805-7941.**

    D. **Scheduling and Calendar Matters** For scheduling and calendar matters, call the courtroom Deputy, Megan, at **212-805-0116 (8:30 am-5:30 pm)**.

    E. **Requests for Adjournments or Extensions of Time** All requests for adjournments or extensions of time must state: 1) the original date; 2) the number of previous requests for adjournment or extension; 3) whether these previous requests were granted or denied; and 4) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent. If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order (reflecting only business days) must be attached. If the request is for an adjournment of a court appearance (absent an emergency), it shall be made at least 48 hours prior to the scheduled appearance.

1

2.  **Motions & Pleadings**

    A.  **Pre-Motion Conference in Civil Cases**  For discovery motions, follow Local Civil Rule 37.2.  For motions other than discovery motions, a pre-motion conference with the court is required before making any motion, except:

    - motions by incarcerated pro se litigants;
    - applications for temporary restraining orders;
    - applications for injunctions;
    - motions to dismiss in lieu of answer;
    - motions to remand;
    - motions for reargument;
    - motions described in Federal Rule of Appellate Procedure 4(a)(4)(A);
    - applications for attorneys' fees;
    - motions for reduction of sentences;
    - objections to Magistrate Judge's ruling;
    - petitions to compel arbitration or to confirm or modify awards;
    - motions brought on by order to show cause;
    - motion for admission pro hac vice; and
    - motion pursuant to Section 21D(a)(3)(A)(i) of the Securities Exchange Act of 1934 to consolidate and for appointment of lead counsel.

To arrange a pre-motion conference, the moving party shall submit <u>a letter not to exceed three pages in length</u> setting forth the basis for the anticipated motion.

   B.  **Courtesy Copies**  Courtesy copies of all pleadings (including the Complaint), motions, memoranda of law, etc., shall be clearly marked as courtesy copies and submitted to chambers as soon as practicable after filing.  **Courtesy copies shall be submitted to chambers for both ECF and non-ECF designated cases.**

   C.  **Memoranda of Law**  Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are <u>limited to 20 pages</u>, and reply memoranda are <u>limited to 10 pages</u>.  Memoranda of 10 pages or more shall contain a table of contents.  Memoranda shall be in 12-point type, both text and footnotes.

   D.  **Filing of Motion Papers**  Motion papers shall be filed promptly after service.

   E.  **Oral Arguments on Motions**  Parties may request oral argument by letter at the time their moving, opposing, or reply papers are filed.  The court will determine whether argument will be heard and, if so, will advise counsel of the argument date.

2

## 3. Pretrial Procedures

**A. Joint Pretrial Orders in Civil Cases** Unless otherwise ordered by the Court, within 30 days from the date for the completion of discovery in a civil case, the parties shall submit to the court for its approval a joint pretrial order, which shall include the following:

- the full caption of the action;
- the names, addresses (including firm names), and telephone and fax numbers of trial counsel;
- a brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount;
- a brief summary by each party of the claims and defenses that party has asserted which remain to be tried, without recital of evidentiary matter but including citations to all statutes relied upon. Such summaries shall identify all claims and defenses previously asserted which are not to be tried;
- a statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed;
- a statement as to whether all parties have consented to trial of the case by a magistrate judge (without identifying which parties have or have not so consented);
- any stipulations or statements of fact or law which have been agreed to by all parties;
- a statement by each party as to the witnesses whose testimony is to be offered in its case in chief, indicating whether such witnesses will testify in person or by deposition;
- a designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party; and
- a list by each party of exhibits to be offered in its case in chief, with one star indicating exhibits to which no party objects on grounds of authenticity, and two stars indicating exhibits to which no party objects on any ground.

**B. Filings Prior to Trial in Civil Cases** Unless otherwise ordered by the Court, each party shall file, 15 days before the date of commencement of trial if such a date has been fixed, or 30 days after the filing of the final pretrial order if no trial date has been fixed:

- in jury cases, requests to charge and proposed voir dire questions. When feasible, proposed jury charges also should be submitted electronically to the law clerk;

3

- in non-jury cases, a statement of the elements of each claim or defense involving such party, together with a summary of the facts relied upon to establish each element;
- in all cases, motions addressing any evidentiary or other issues should be resolved <u>in limine</u>; and
- in any case where such party believes it would be useful, a pretrial memorandum.

LAPPRACTICES

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*VIA ECF*

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANTS*
58 South Service Road, Suite 410
Melville, New York 11747
(631) 247-0404

**COURTESY COPY**
**ORIGINAL FILED VIA ECF**

ATTORNEY OF RECORD:
PAUL J. SIEGEL, ESQ. (PJS2245)
WENDY J. MELLK, ESQ. (WM1515)

-----------------------------------------------------------x

PEDRO PACHECOGIL, VLADIMIR MARTINEZ, JOSE RIOS, ALFONSO DOLORES, LUIS MEXICANO, ADAN SANCHEZ, RAFAEL GONZAGA, and DAVID RIOS VILLA, on behalf of themselves and others similarly situated,

                        Plaintiff,

-against-

SAGE AMERICAN CATERING INC.,
LESLIE NILSSON, and SAGE AMERICAN KITCHEN INC., d/b/a CAFÉ ST. BARTS,

                        Defendants.

Index No.: 07 CV 10652

Preska, J.

-----------------------------------------------------------x

TO:  D. MAIMON KIRSCHENBAUM, ESQ. (DK-2338)
      CHARLES E. JOSEPH, ESQ. (CJ-9442)
      JOSEPH & HERZFELD LLP
      *ATTORNEYS FOR PLAINTIFFS*
      757 Third Avenue, 25th Floor
      New York, NY  10017
      (212) 688-5640

**DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**

Defendants, sued herein as "SAGE AMERICAN CATERING INC., LESLIE NILSSON, and SAGE AMERICAN KITCHEN INC., d/b/a CAFÉ ST. BARTS", by and through their undersigned counsel, state as follows:

1. Defendants admit that Plaintiffs purport to assert claims against Defendants, deny the remainder of the allegations contained in paragraph "1" of Plaintiffs' Amended Complaint, including denying all allegations of wrongdoing asserted against Defendants and denying that Plaintiffs are entitled to any relief whatsoever. To the extent that Plaintiffs are seeking to proceed as a "collective action" or class action, Defendants deny that Plaintiffs are entitled to any relief whatsoever or that this matter should proceed as a "collective action" or class action.

### AS TO "JURISDICTION AND VENUE"

2. Defendants deny the allegations contained in paragraph "2" of Plaintiffs' Amended Complaint.

3. Defendants deny the allegations contained in paragraph "3" of Plaintiffs' Amended Complaint.

### AS TO "PARTIES"

4. Defendants admit the allegations contained in paragraph "4" of Plaintiffs' Amended Complaint.

5. Defendants deny the allegations contained in paragraph "5" of Plaintiffs' Amended Complaint.

6. Defendants deny the allegations contained in paragraph "6" of Plaintiffs' Amended Complaint.

7. Defendants admit the allegations contained in paragraph "7" of Plaintiffs' Amended Complaint.

8. Defendants deny the allegations contained in paragraph "8" of Plaintiffs' Amended Complaint.

9. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "9" of Plaintiffs' Amended Complaint.

## AS TO "FACTS"

10. Defendants deny the allegations contained in paragraph "10" of Plaintiffs' Amended Complaint.

11. Defendants deny the allegations contained in paragraph "11" of Plaintiffs' Amended Complaint.

12. Defendants deny the allegations contained in paragraph "12" of Plaintiffs' Amended Complaint.

13. Defendants deny the allegations contained in paragraph "13" of Plaintiffs' Amended Complaint.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "14" of Plaintiffs' Amended Complaint.

15. Defendants deny the allegations contained in paragraph "15" of Plaintiffs' Amended Complaint.

16. Defendants deny the allegations contained in paragraph "16" of Plaintiffs' Amended Complaint.

17. Defendants deny the allegations contained in paragraph "17" of Plaintiffs' Amended Complaint.

## AS TO "FIRST CLAIM FOR RELIEF
### (FLSA overtime violations, 29 U.S.C. §§ 201 *et seq.*)"

18.   Defendants repeat, reiterate and reallege each and every admission, denial or other response contained in paragraphs "1" through "17" of Defendants' Answer, as if fully stated herein and deny all allegations unequivocally admitted therein.

19.   Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "19" of Plaintiffs' Amended Complaint.

20.   Defendants deny the allegations contained in paragraph "20" of Plaintiffs' Amended Complaint.

21.   Defendants deny the allegations contained in paragraph "21" of Plaintiffs' Amended Complaint.

22.   Defendants deny the allegations contained in paragraph "22" of Plaintiffs' Amended Complaint.

## AS TO "SECOND CLAIM FOR RELIEF
### (New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*)"

23.   Defendants repeat, reiterate and reallege each and every admission, denial or other response contained in paragraphs "1" through "22" of Defendants' Answer, as if fully stated herein and deny all allegations unequivocally admitted therein.

24.   The allegations contained in paragraph "24" of Plaintiffs' Amended Complaint are legal conclusions to which no response is required.

25.   Defendants deny the allegations contained in paragraph "25" of Plaintiffs' Amended Complaint.

26.   Defendants deny the allegations contained in paragraph "26" of Plaintiffs' Amended Complaint.

### AS TO "THIRD CLAIM FOR RELIEF
### (New York Timely Payment of Wages Provisions,
### N.Y. Lab. L. § § 190 *et seq.*))"

27. Defendants repeat, reiterate and reallege each and every admission, denial or other response contained in paragraphs "1" through "26" of Defendants' Answer, as if fully stated herein and deny all allegations unequivocally admitted therein.

28. Defendants deny the allegations contained in paragraph "28" of Plaintiffs' Amended Complaint.

29. Defendants deny the allegations contained in paragraph "29" of Plaintiffs' Amended Complaint.

### AS TO "FOURTH CLAIM FOR RELIEF (New York Spread of Hours
### Provisions, N.Y. Lab. L. § 650 *et seq.*, and N.Y. Comp. Code R. & Regs.
### tit. 12, § 137-1.7)"

30. Defendants repeat, reiterate and reallege each and every admission, denial or other response contained in paragraphs "1" through "29" of Defendants' Answer, as if fully stated herein and deny all allegations unequivocally admitted therein.

31. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "31" of Plaintiffs' Amended Complaint.

32. Defendants deny the allegations contained in paragraph "32" of Plaintiffs' Amended Complaint.

33. Defendants deny the allegations contained in paragraph "33" of Plaintiffs' Amended Complaint.

### AS TO "PRAYER FOR RELIEF"

Defendants deny each and every allegation contained in the "PRAYER FOR RELIEF" and the "WHEREFORE" section thereof, including, but not limited to, the allegations, claims and contentions set forth in sub-paragraphs A. through F. thereof.

### AS TO "DEMAND FOR A JURY TRIAL"

Defendants deny that Plaintiffs are entitled to trial by jury to the extent sought in the Complaint.

### AFFIRMATIVE DEFENSES

Without assuming the burden of proof as to any of the following defenses where the law does not impose such a burden on Defendants, the following defenses are asserted:

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

34. Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted or for which the relief or recovery sought can be awarded.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

35. At all times relevant hereto, Defendants acted in good faith and did not violate any rights which may be secured to Plaintiffs under federal, state or local laws, rules, regulations or guidelines.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

36. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

37. Defendants believed in good faith and had reasonable ground(s) to believe that Plaintiffs were exempt from the overtime requirements of the FLSA and New York law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

38. To the extent Plaintiffs seek to pursue this matter as a collective action, Plaintiffs and the putative class members are not similarly situated and, as such, should not be part of a collective action under the Fair Labor Standards Act ("FLSA").

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

39. To the extent Plaintiffs seek to pursue this matter as a collective action, Plaintiffs are not adequate representatives of the putative class members and, as such, the Court should not authorize notice to be issued or a collective action to be maintained under the FLSA.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

40. The Complaint is barred, in whole or in part, pursuant, inter alia, to 29 U.S.C. §§258(a) and 259(a), because Defendants have, in good faith, acted in conformity with and in reliance upon written administrative regulations, interpretations and opinion letters with regard to some or all of the acts or omissions alleged in the Complaint.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

41. The Complaint is barred, in whole or in part, because Plaintiffs failed to satisfy statutory and/or other prerequisites to proceed collectively under the FLSA.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

42. The Complaint is barred, in whole or in part, because expert witness fees and costs are not recoverable in actions pursued under the FLSA.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

43. The relief sought in the Complaint is barred, in whole or in part, because Plaintiffs are estopped by their own conduct from obtaining relief, on an individual or collective basis, against Defendants.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

44. To the extent Plaintiffs seek to pursue this matter as a class action, this case is not appropriate for class certification because the facts and law common to the case, if any, are insignificant compared to the individual facts and issues particular to Plaintiffs and to the purported collective or Rule 23 class members.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

45. To the extent Plaintiffs seek to pursue this matter as a collective or class action, Plaintiffs cannot establish and maintain a collective or Rule 23 class action because they cannot demonstrate that a class or collective action is superior to other methods available for adjudicating the controversy.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

46. To the extent Plaintiffs seek to pursue this matter as a collective or class action, Plaintiffs cannot establish and maintain a collective or Rule 23 class action because a problem of manageability would be created by reason of the complexity and/or proliferation of issues in the case, as well as the geographic dispersion and different, inter alia, work sites, job duties, shifts and supervisors of the putative plaintiffs.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

47. To the extent Plaintiffs seek to pursue this matter as a collective or class action, Plaintiffs cannot establish and maintain a collective or Rule 23 class action under

New York law because supplemental or pendent jurisdiction should not be exercised over those non-federal claims.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

48. To the extent any Plaintiff or putative Plaintiff is exempt from eligibility for overtime compensation pursuant to the Fair Labor Standards Act, he or she is not entitled to overtime compensation under the FLSA or under New York law pursuant, inter alia, to the New York Miscellaneous Wage Order.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

49. To the extent Plaintiffs seek to pursue this matter as a collective or class action, this action cannot be certified and pendent or other jurisdiction should not be exercised over Plaintiffs' New York Wage Law claim because, inter alia, Plaintiffs seek to evade the prohibition against a class action resulting from Article 9 of the CPLR and, moreover, New York wage law is significantly different from the FLSA.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

50. Plaintiffs have been paid all wages due and, as such, cannot state a cause of action upon which relief could be granted.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

51. To the extent Plaintiffs seek to pursue this matter as a collective or class action, Plaintiffs cannot maintain a class action under the New York Labor Law because said statute provides for an award of liquidated damages and, as such, Plaintiffs are seeking a "penalty" which precludes pursuit of this claim as a class action under New York law.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

52. Claims against Defendant "Sage American Catering" should be dismissed because, inter alia, said Defendant was not the employer of some or all of Plaintiffs.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

53.  Claims against Defendant "Sage American Kitchen Inc., d/b/a Café St. Barts" should be dismissed because, inter alia, said Defendant was not the employer of some or all of Plaintiffs.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

54.  Claims against Defendant "Leslie Nilsson" should be dismissed because, inter alia, said Defendant was not the employer of some or all of Plaintiffs.

**WHEREFORE**, Defendants request that the Court:

a)  dismiss with prejudice Plaintiffs' Amended Complaint;

b)  deny each and every demand, claim and prayer for relief contained in Plaintiffs' Amended Complaint;

c)  award to Defendants reimbursement for the costs, including attorneys' fees incurred in the defense of this action; and,

d)  grant such other and further relief as the Court deems just and proper.

Dated: Melville, New York
January 28, 2008

Respectfully submitted,

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANTS*
58 South Service Rd., Ste. 410
Melville, New York  11747
631-247-0404

By:   s/
PAUL J. SIEGEL (PS2245)
WENDY J. MELLK (WM1515)

10

## CERTIFICATE OF SERVICE

   I hereby certify that on January 28, 2008, Defendants' Answer to Plaintiffs' Amended Complaint was electronically filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, the Southern District's Local Rules, and the Southern District's Rules on Electronic Service upon the following parties and participants:

D. MAIMON KIRSCHENBAUM, ESQ. (DK-2338)
CHARLES E. JOSEPH, ESQ. (CJ-9442)
JOSEPH & HERZFELD LLP
*ATTORNEYS FOR PLAINTIFFS*
757 Third Avenue, 25th Floor
New York, NY  10017

s/_____
WENDY J. MELLK (WM1515)

I:\Clients\S\118035\118036\Pleadings\ANSWER.doc

11