D. Maimon Kirschenbaum (DK-2338)
Charles E. Joseph (CJ-9442)
JOSEPH & HERZFELD LLP
757 Third Avenue
25th Floor
New York, NY 10017
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

PEDRO PACHECOGIL, VLADIMIR MARTINEZ, JOSE RIOS, ALFONSO DOLORES, LUIS MEXICANO, ADAN SANCHEZ, RAFAEL GONZAGA, and DAVID RIOS VILLA,

INDEX NO: 07CV10652

AMENDED COMPLAINT

Plaintiffs,

DEMAND FOR JURY TRIAL

v.

SAGE AMERICAN CATERING INC., LESLIE NILSSON, and SAGE AMERICAN KITCHEN INC., d/b/a CAFÉ ST. BARTS,

Defendants.
-----------------------------------------------------------x

1.   Plaintiffs Pedro Pachecogil, Vladimir Martinez, Jose Rios, Alfonso Dolores, Luis Mexicano, Adan Sanchez, Rafael Gonzaga, and David Rios Villa, allege as follows:

## JURISDICTION AND VENUE

2.   This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law

claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District because all Defendants conduct business in this District, the Corporate Defendants are incorporated and have their principal executive offices in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

4. Defendant Sage American Catering Inc. is a New York corporation with its principal executive offices in Long Island City, New York.

5. Defendant Sage American Kitchen Inc., d/b/a Café St. Barts, is a New York corporation with its principal executive offices in New York, New York.

6. Defendant Leslie Nilsson is the Chief Executive Officer of Sage American Catering Inc. and Sage American Kitchen Inc., and exercises sufficient control of their day to day operations to be considered Plaintiffs' employer under the Fair Labor Standards Act and New York state law. Additionally, upon information and belief, Defendant Nilsson is liable for the wages of Plaintiffs and those similarly situated under New York Business Corporation Law § 630.

7. All Defendants are hereinafter referred to collectively as Defendants.

8. Upon information and belief, all Defendants operate under common ownership, share employees, are managed by the same individuals and subject their employees to the same policies and procedures, in particular policies and procedures relating to the violations alleged in this Complaint.

9. Plaintiffs were all employed, or continue to be employed, by Defendants.

## FACTS

10. Defendants committed the following acts knowingly and willfully.

11. Defendants knew that nonpayment of all wages owed and overtime wages would economically injure Plaintiffs and violate federal and/or state laws.

12. Plaintiffs worked in nonexempt positions for Defendants at their Long Island facility and/or at Café St. Bart's in Manhattan within the last six years.

13. Plaintiffs were scheduled to work and routinely worked in excess sixty hours per week.

14. Defendants did not compensate Plaintiffs one and one half times their regular rate of pay for hours worked in excess of forty per workweek.

15. Plaintiffs sustained substantial losses from Defendants' failure to pay them for their earned wages and their failure to pay him proper overtime compensation.

16. Plaintiffs were not compensated New York "spread of hours" premium for days on which they worked more than 10 hours.

17. Defendants, through their corporate management deliberately trained, supervised, instructed, and authorized managerial employees to engage in the above unlawful practices and have ratified their actions thereafter, in order to enhance corporate profits and reduce their labor costs.

## FIRST CLAIM FOR RELIEF
### (FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)

18. Plaintiffs reallege and incorporate by reference all previous paragraphs.

19. Throughout the statute of limitations period covered by these claims, Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

20. At all relevant times, Defendants have had, and continue to operate under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiffs at time and a half rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the Plaintiffs have been and are entitled to overtime.

21. At all relevant times, Defendants willfully, regularly and repeatedly failed, and continue to fail to pay Plaintiffs at the required overtime rates, one and a half times their regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

22. Plaintiffs seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
### (New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*)

23. Plaintiffs reallege and incorporate by reference all previous paragraphs.

24. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

25. Defendants willfully, regularly and repeatedly failed, and continue to fail to pay Plaintiffs at the required overtime rates, one and a half times their regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

26. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs have sustained damages, including loss of earnings, in an amount

to be established at trial, prejudgment interest, liquidated damages, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

### THIRD CLAIM FOR RELIEF
### (New York Timely Payment of Wages Provisions, N.Y. Lab. L. § § 190 *et seq.*)

27. Plaintiffs reallege and incorporate by reference all previous paragraphs.

28. By failing to pay Plaintiffs their wages owed, Defendants blatantly disregarded their obligation under N.Y. Lab. Law § 191 to pay employees' wages not less frequently than semi-monthly.

29. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs have sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, liquidated damages, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 198.

### New York Spread of Hours Provisions,
### N.Y. Lab. L. § 650 *et seq.*, and N.Y. Comp. Code R. & Regs. tit. 12, § 137-1.7)

30. Plaintiffs reallege and incorporate by reference all previous paragraphs.

31. Plaintiffs regularly worked more than 10 hours in a workday.

32. Defendants willfully and intentionally failed to compensate Plaintiffs one hour's pay at the basic New York minimum hourly wage rate, as required by New York law.

33. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs have sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, liquidated damages, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief as follows:

A.  A declaratory judgment that the practices complained of herein are unlawful under FLSA;

B.  An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

C.  Costs of action incurred herein, including expert fees;

D.  Attorneys' fees, including fees pursuant to 29 U.S.C. § 216 and other applicable statutes;

E.  Pre-Judgment and post-judgment interest, as provided by law; and

F.  Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
       June 13, 2008

Respectfully submitted,

JOSEPH & HERZFELD LLP

By: _____
D. Maimon Kirschenbaum (DK-2338)

Charles E. Joseph (CJ-9442)
757 Third Avenue
25th Floor
New York, NY 10017
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which she has a right to jury trial.