UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

***VIA ECF***

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANTS*
58 South Service Road, Suite 410
Melville, New York 11747
(631) 247-0404

    ATTORNEY OF RECORD:
        PAUL J. SIEGEL, ESQ. (PJS2245)
        WENDY J. MELLK, ESQ. (WM1515)

-----------------------------------------------------------x

PEDRO PACHECOGIL, VLADIMIR MARTINEZ, JOSE RIOS, ALFONSO DOLORES, LUIS MEXICANO, ADAN SANCHEZ, RAFAEL GONZAGA, and DAVID RIOS VILLA, on behalf of themselves and others similarly situated,

                Plaintiff,

-against-

SAGE AMERICAN CATERING INC., LESLIE NILSSON, and SAGE AMERICAN KITCHEN INC., d/b/a CAFÉ ST. BARTS,

                Defendants.

-----------------------------------------------------------x

Index No.: 07 CV 10652

Preska, J.

TO:    D. MAIMON KIRSCHENBAUM, ESQ. (DK-2338)
         CHARLES E. JOSEPH, ESQ. (CJ-9442)
         JOSEPH & HERZFELD LLP
         *ATTORNEYS FOR PLAINTIFFS*
         757 Third Avenue, 25th Floor
         New York, NY 10017
         (212) 688-5640

**<u>DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT</u>**

        Defendants, sued herein as "SAGE AMERICAN CATERING INC., LESLIE NILSSON, and SAGE AMERICAN KITCHEN INC., d/b/a CAFÉ ST. BARTS", by and through their undersigned counsel, state as follows:

1. Defendants admit that Plaintiffs purport to assert claims against Defendants, deny the remainder of the allegations contained in paragraph "1" of Plaintiffs' Amended Complaint, including denying all allegations of wrongdoing asserted against Defendants and denying that Plaintiffs are entitled to any relief whatsoever.

## AS TO "JURISDICTION AND VENUE"

2. Defendants deny the allegations contained in paragraph "2" of Plaintiffs' Amended Complaint.

3. Defendants deny the allegations contained in paragraph "3" of Plaintiffs' Amended Complaint.

## AS TO "PARTIES"

4. Defendants admit the allegations contained in paragraph "4" of Plaintiffs' Amended Complaint.

5. Defendants deny the allegations contained in paragraph "5" of Plaintiffs' Amended Complaint.

6. Defendants deny the allegations contained in paragraph "6" of Plaintiffs' Amended Complaint.

7. Defendants admit the allegations contained in paragraph "7" of Plaintiffs' Amended Complaint.

8. Defendants deny the allegations contained in paragraph "8" of Plaintiffs' Amended Complaint.

9. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "9" of Plaintiffs' Amended Complaint.

## AS TO "FACTS"

10. Defendants deny the allegations contained in paragraph "10" of Plaintiffs' Amended Complaint.

11. Defendants deny the allegations contained in paragraph "11" of Plaintiffs' Amended Complaint.

12. Defendants deny the allegations contained in paragraph "12" of Plaintiffs' Amended Complaint.

13. Defendants deny the allegations contained in paragraph "13" of Plaintiffs' Amended Complaint.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "14" of Plaintiffs' Amended Complaint.

15. Defendants deny the allegations contained in paragraph "15" of Plaintiffs' Amended Complaint.

16. Defendants deny the allegations contained in paragraph "16" of Plaintiffs' Amended Complaint.

17. Defendants deny the allegations contained in paragraph "17" of Plaintiffs' Amended Complaint.

**AS TO "FIRST CLAIM FOR RELIEF
(FLSA overtime violations, 29 U.S.C. §§ 201 *et seq.*)"**

18. Defendants repeat, reiterate and reallege each and every admission, denial or other response contained in paragraphs "1" through "17" of Defendants' Answer, as if fully stated herein and deny all allegations unequivocally admitted therein.

19. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "19" of Plaintiffs' Amended Complaint.

20. Defendants deny the allegations contained in paragraph "20" of Plaintiffs' Amended Complaint.

21. Defendants deny the allegations contained in paragraph "21" of Plaintiffs' Amended Complaint.

22. Defendants deny the allegations contained in paragraph "22" of Plaintiffs' Amended Complaint.

**AS TO "SECOND CLAIM FOR RELIEF
(New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*)"**

23. Defendants repeat, reiterate and reallege each and every admission, denial or other response contained in paragraphs "1" through "22" of Defendants' Answer, as if fully stated herein and deny all allegations unequivocally admitted therein.

24. The allegations contained in paragraph "24" of Plaintiffs' Amended Complaint are legal conclusions to which no response is required.

25. Defendants deny the allegations contained in paragraph "25" of Plaintiffs' Amended Complaint.

26. Defendants deny the allegations contained in paragraph "26" of Plaintiffs' Amended Complaint.

### AS TO "THIRD CLAIM FOR RELIEF
### (New York Timely Payment of Wages Provisions,
### N.Y. Lab. L. § § 190 *et seq.*))"

27. Defendants repeat, reiterate and reallege each and every admission, denial or other response contained in paragraphs "1" through "26" of Defendants' Answer, as if fully stated herein and deny all allegations unequivocally admitted therein.

28. Defendants deny the allegations contained in paragraph "28" of Plaintiffs' Amended Complaint.

29. Defendants deny the allegations contained in paragraph "29" of Plaintiffs' Amended Complaint.

### AS TO "FOURTH CLAIM FOR RELIEF (New York Spread of Hours Provisions, N.Y. Lab. L. § 650 *et seq.*, and N.Y. Comp. Code R. & Regs. tit. 12, § 137-1.7)"

30. Defendants repeat, reiterate and reallege each and every admission, denial or other response contained in paragraphs "1" through "29" of Defendants' Answer, as if fully stated herein and deny all allegations unequivocally admitted therein.

31. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "31" of Plaintiffs' Amended Complaint.

32. Defendants deny the allegations contained in paragraph "32" of Plaintiffs' Amended Complaint.

33. Defendants deny the allegations contained in paragraph "33" of Plaintiffs' Amended Complaint.

## AS TO "PRAYER FOR RELIEF"

Defendants deny each and every allegation contained in the "PRAYER FOR RELIEF" and the "WHEREFORE" section thereof, including, but not limited to, the allegations, claims and contentions set forth in sub-paragraphs A. through F. thereof.

## AS TO "DEMAND FOR A JURY TRIAL"

Defendants deny that Plaintiffs are entitled to trial by jury to the extent sought in the Complaint.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof as to any of the following defenses where the law does not impose such a burden on Defendants, the following defenses are asserted:

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

34. Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted or for which the relief or recovery sought can be awarded.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

35. At all times relevant hereto, Defendants acted in good faith and did not violate any rights which may be secured to Plaintiffs under federal, state or local laws, rules, regulations or guidelines.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

36. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

37. Defendants believed in good faith and had reasonable ground(s) to believe that Plaintiffs were exempt from the overtime requirements of the FLSA and New York law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

38. The Complaint is barred, in whole or in part, pursuant, inter alia, to 29 U.S.C. §§258(a) and 259(a), because Defendants have, in good faith, acted in conformity with and in reliance upon written administrative regulations, interpretations and opinion letters with regard to some or all of the acts or omissions alleged in the Complaint.

### AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE

39. The Complaint is barred, in whole or in part, because Plaintiffs failed to satisfy statutory and/or other prerequisites to proceed collectively under the FLSA.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

40. The Complaint is barred, in whole or in part, because expert witness fees and costs are not recoverable in actions pursued under the FLSA.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

41. The relief sought in the Complaint is barred, in whole or in part, because Plaintiffs are estopped by their own conduct from obtaining relief, on an individual or collective basis, against Defendants.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

42. To the extent any Plaintiff or putative Plaintiff is exempt from eligibility for overtime compensation pursuant to the Fair Labor Standards Act, he or she is not entitled to overtime compensation under the FLSA or under New York law pursuant, inter alia, to the New York Miscellaneous Wage Order.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

43.     Plaintiffs have been paid all wages due and, as such, cannot state a cause of action upon which relief could be granted.

**AS AND FOR A ELVENTH AFFIRMATIVE DEFENSE**

44.     Claims against Defendant "Sage American Catering" should be dismissed because, inter alia, said Defendant was not the employer of some or all of Plaintiffs.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

45.     Claims against Defendant "Sage American Kitchen Inc., d/b/a Café St. Barts" should be dismissed because, inter alia, said Defendant was not the employer of some or all of Plaintiffs.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

46.     Claims against Defendant "Leslie Nilsson" should be dismissed because, inter alia, said Defendant was not the employer of some or all of Plaintiffs.

**WHEREFORE**, Defendants request that the Court:

a) dismiss with prejudice Plaintiffs' Amended Complaint;

b) deny each and every demand, claim and prayer for relief contained in Plaintiffs' Amended Complaint;

c) award to Defendants reimbursement for the costs, including attorneys' fees incurred in the defense of this action; and,

d) grant such other and further relief as the Court deems just and proper.

Dated: Melville, New York
July 16, 2008

Respectfully submitted,

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANTS*
58 South Service Rd., Ste. 410
Melville, New York  11747
631-247-0404

By: s/_____
PAUL J. SIEGEL (PS2245)
WENDY J. MELLK (WM1515)

9

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 16, 2008, Defendants' Answer to Plaintiffs' Second Amended Complaint was electronically filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, the Southern District's Local Rules, and the Southern District's Rules on Electronic Service upon the following parties and participants:

D. MAIMON KIRSCHENBAUM, ESQ. (DK-2338)
CHARLES E. JOSEPH, ESQ. (CJ-9442)
JOSEPH & HERZFELD LLP
*ATTORNEYS FOR PLAINTIFFS*
757 Third Avenue, 25th Floor
New York, NY  10017

                s/_____
                WENDY J. MELLK (WM1515)

I:\Clients\S\118035_MBH\118036\Pleadings\answer to second amended complaint.doc